### BULLOCK v. WALLINGFORD.    { Aug. 12, 1875.

*Evidence—Certificate of public officer.*

A certificate from the United States commissioner of patents that diligent search has been made, and that it does not appear that a certain patent has been issued, is not competent evidence of that fact.

ASSUMPSIT, to recover the contents of a promissory note, made by the defendant, payable to John C. Thompson, or order, on the first day of December, 1873, and by said Thompson indorsed to the plaintiff. Tried before STANLEY, J., and a jury.   The defence set up was, that the note was without consideration, and obtained by Thompson by fraud; that it was not purchased by the plaintiff in good faith, nor indorsed until after it became due.   The defendant offered evidence tending to show that the consideration of the note was the sale by Thompson to him of the right to sell in various towns in this state an improvement in mowing-machine grinders, alleged to have been patented by one L. P. Thompson; and that said John C. Thompson falsely and fraudulently represented to him that a patent had been obtained upon this invention, and that he had seen the letters patent.   As evidence tending to show that the note was without consideration, and that Thompson's representations were false and fraudulent, the defendant offered a certificate purporting to be issued from the patent office of the United States, of which the following is a copy:

### THE U. S. PATENT OFFICE.

*To all persons to whom these presents shall come:*

This is to certify that a diligent search has been made, and it does not appear that a patent has been issued to L. P. Thompson for improvement in mowing-machine grinders, from January 1st to present date.

In testimony whereof, I, J. M. Thacher, acting commissioner of patents, have caused the seal of the patent office to be hereunto [L. S.] affixed, this third day of December, in the year of our Lord one thousand eight hundred and seventy-three, and of the independence of the United States the ninety-eighth.

J. M. THACHER, acting commissioner.

The plaintiff objected to the admission of this evidence; but the objection was overruled, and the paper admitted in evidence, to which the plaintiff excepted.  The jury having returned a verdict for the defendant, the plaintiff moved that the same be set aside and for a new trial; and it was ordered, that the questions of law arising on the foregoing case be transferred to this court for determination.

*Wheeler & Faulkner*, for the plaintiff.

*Wadleigh & Wallace*, for the defendant.

LADD, J.   I think the paper signed by J. M. Thacher, acting commissioner of patents, was clearly inadmissible.   It is not and does not purport to be a copy of any record or paper existing in the pension office, but is simply the statement of a fact within the knowledge of the gentleman who signed it.   The plaintiff was entitled to have that fact proved in the usual way, and could not legally be deprived of the privilege of cross-examination by the form in which the statement was put. I think the verdict must be set aside.

CUSHING, C. J.   By Rev. Stats. U. S., p. 166, sec. 882, it is provided, that " Copies of any books, records, papers, or documents, in any of the executive departments, authenticated under the seals of such departments respectively, shall be admitted in evidence equally with the originals thereof."

It is clear that this section does not make the certificate in question evidence, since it relates only to copies, and I know of no other statute which could apply to the case.   In the absence of statutory regulations, this certificate must be governed by the ordinary rules of evidence.   It is not under oath, neither has it any of the other requisites to make it admissible as a deposition.

SMITH, J.   The certificate should have been rejected.   It was the conclusion drawn by the certifying officer from the examination of the records in his office, and possibly he may have been mistaken.   *Hanson v. So. Scituate*, 115 Mass. 336.   The statute authorizes him to certify to the correctness of copies of records in his office.   What effect shall be given to such copies is a question for the court when put in evidence. When a party desires to prove the negative fact that there is no record, he must do so in the usual way,—by the deposition of the proper officer, or by producing him in court so that he may be sworn and cross-examined as to the thoroughness of the search made.   If the summoning of such officer to testify in relation to the public records at the call of a suitor shall be found impracticable by reason of interfering with his public duties, the remedy must be found in further legislation.   The court cannot disregard the plain rules of evidence to meet the difficulty.

*Verdict set aside and a new trial granted.*